UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LUIS BOCANEGRA,

      Plaintiff,

      v.                        CAUSE NO. 3:20-CV-616-RLM-MGG

B. BLUMMER, et al.,

      Defendants.

OPINION AND ORDER

Luis Bocanegra, a prisoner without a lawyer, filed a complaint against three defendants.[1] The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. The court applies the standard used when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-603 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[1] Mr. Bocanegra filed a document titled "Statement of Facts" which largely duplicates the facts included in his complaint. To the extent that this was an attempt to amend Mr. Bocanegra's complaint, N.D. Ind. L.R. 15-1 requires that he do so by "[r]eproducing the entire pleading as amended" and "prohibits incorporat[ing] any prior pleading by reference." Nonetheless, in the interests of judicial efficiency, the court has reviewed the statement of facts in addition to the complaint, and where appropriate, has included these facts in the screening order.

alleged." *Id.* at 603. A *pro se* complaint must be liberally construed "however inartfully pleaded." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Bocanegra says that, on May 23, 2018, when Chaplain B. Blummer was walking through his cell house, he noticed Mr. Bocanegra was praying on his rosary. Chaplain Blummer then ordered him to recite his prayers and, after doing so, Chaplain Blummer appeared to be satisfied that he was knowledgeable about his religion. The next day, Mr. Bocanegra was ordered to meet with Chaplain Blummer who told him he "should have confiscated [his] rosary yesterday." Mr. Bocanegra says Chaplain Bummer and custody staff escorted him to his cell where he surrendered his rosary. Mr. Bocanegra was told the rosary was being confiscated because it was red and constituted contraband. Mr. Bocanegra represents that he wasn't informed of any disciplinary violation and his rosary wasn't designed in such a way that it constituted a threat to the safety or security of the prison.

Mr. Bocanegra asserts that Screening Officer S. Diaz told him on May 31, 2018 that Chaplain Blummer had written a conduct report charging him with violating Indiana Department of Correction policy B-208, which prohibits inmates from possessing unauthorized security threat insignia. Mr. Bocanegra says he told Ms. Diaz that he didn't violate policy B-208, because there is no policy prohibiting inmates from possessing red rosaries. Mr. Bocanegra says he produced a receipt for Ms. Diaz that showed his family had sent him the rosary.

According to Mr. Bocanegra, he was simply practicing his religion and shouldn't have been given a conduct report.

To the extent Mr. Bocanegra asserts that Chaplain Blummer and Ms. Diaz violated his constitutional right to exercise his religion under the Free Exercise Clause of the First Amendment, his claims are too late. Mr. Bocanegra's claims accrued on May 24, 2018, and May 31, 2018. "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." Snodderly v. R.U.F.F. Drug Enforcement Task Force, 239 F.3d 892, 894 (7th Cir. 2001). Because his complaint was signed on July 20, 2020, the applicable statute of limitations bars any claims arising before July 20, 2018. Although the statute of limitations is an affirmative defense, dismissal is appropriate where it is clear that the claim is time barred. Cancer Foundation, Inc. v. Cerberus Capital Management, LP, 559 F.3d 671, 674 (7th Cir. 2009). Because it has clearly been more than two years since these claims accrued, his claims against Chaplain Blummer and Ms. Diaz must be dismissed.

On August 29, 2018, Disciplinary Hearing Officer B. Romero held Mr. Bocanegra's hearing. Mr. Bocanegra says that, at the hearing, he proved that his rosary was not contraband, and it wasn't being used as unauthorized security threat insignia. Mr. Bocanegra represents that, even though he recited his religious prayers for Mr. Romero, he was found guilty of violating policy B-208. Because of the guilty finding, he lost his job and was placed in a disciplinary dorm where he was subjected to daily violence and chaos and also "preyed upon if [he was] seen practicing [his] religion." Upon his return to general population,

3

he remained fearful of practicing his religion because of the circumstances he had endured in the disciplinary dorm.

To the extent that Mr. Bocanegra is suing Mr. Romero for finding him guilty of an allegedly false disciplinary charge, this doesn't state an independent cause of action. "[P]risoners are entitled to be free from arbitrary actions of prison officials, but ... even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." McPherson v. McBride, 188 F.3d 784, 787 (7th Cir. 1999). Mr. Bocanegra's complaint doesn't plausibly allege that Mr. Romero violated any of his due process rights at his disciplinary hearing, so he can't proceed against Mr. Romero.

Although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed by the court without a party's request, *see* Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). This complaint can't be amended to state a claim on which relief can be granted, so the court won't let Mr. Bocanegra file an amended complaint.

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim upon which relief can be granted. The clerk is DIRECTED to close the case.

5

SO ORDERED on December 15, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT